UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| DARRELL L. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-109 |
| | ) | *Greer/Inman* |
| HANCOCK COUNTY JAIL, | ) | |
| SHERIFF LEMAN MAXEY, and | ) | |
| CATHY JONES (Nurse), | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM and ORDER**

This is a fee-paid *pro se* civil rights complaint under 42 U.S.C. § 1983 brought by a plaintiff who was incarcerated in the Hancock County jail when the pleading was filed, but who since has been released from jail. Because plaintiff has paid the filing fee, the screening procedures in 28 U.S.C. § 1915(e)(2), which apply to prisoners who are proceeding *in forma pauperis*, do not apply to him. *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

However, the screening provisions in 28 U.S.C. § 1915A that authorize the dismissal of fee-paid prisoner complaints seeking relief from a governmental entity, officer, or employee do apply in this case. Dismissal under these provisions is appropriate where the allegations in the complaint are frivolous or fail to state a claim upon which relief may be granted. The Court concludes that, since the plaintiff has named the Hancock County jail as a defendant and since the jail is a building and not a suable entity under § 1983, *see Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978), the allegations asserted against this defendant fail to state a claim. The allegations also are legally frivolous because contentions against a building lack an

arguable legal or factual basis. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For these reasons, the Hancock County jail is **DISMISSED** as a defendant.

Section 1915A also allows *sua sponte* dismissal of fee-paid prisoner complaints that contain allegations that are so attenuated and insubstantial as to divest a court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000). The remaining allegations in this *pro se* complaint, liberally construed, are not of this kind and cannot be dismissed under § 1915A.

Plaintiff's submission of the filing fee also impacts service of process in this case. When a plaintiff has been granted pauper status, the United States Marshals Service must serve process upon the defendants, thus relieving a plaintiff of his burden to serve process. 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(2). Because this plaintiff is not proceeding *in forma pauperis*, 28 U.S.C. § 1915(d) does not apply. And because section 1915(d) does not apply, plaintiff himself must serve a copy of the complaint and summons upon the defendants in compliance with the appropriate procedural rules. *See Byrd v. Stone*, 94 F.3d 217, 219 (1996).

Accordingly, this action, in which it is alleged that plaintiff was denied medical care while he was confined in the Hancock County jail, will proceed to service against the two remaining defendants, Hancock County Sheriff Leamon Maxey and Nurse Cathy Jones.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

2

Case 2:14-cv-00109-JRG-MCLC   Document 6   Filed 08/08/14   Page 2 of 2   PageID #: 23